## HEINSELT v. SMITH.

The Circuit Court of Middlesex made an order for the application of proceeds of sales made by the sheriff in virtue of two executions, the older one issuing out of the said circuit, and the younger out of this court, and decided that a chattel mortgage given upon the property sold was invalid as against subsequent judgment creditors. *Held*—That the Circuit Court, out of which the first execution issued, had exclusive jurisdiction to determine the application of the proceeds of the sales, and that this court could not, in virtue of its supervisory powers over other tribunals, review such decision.

In the matter of proceeds of sales under executions.

Argued before BEDLE, DALRIMPLE, and DEPUE, Justices.

For mortgagee, *A. V. Schenck.*

For execution creditors, *C. M. Herbert.*

DEPUE, J.   The sheriff of Middlesex sold certain personal property of the defendant, by virtue of executions on two several judgments, the first of which was issued out of the Middlesex Circuit, and the other out of this court.   Intermediate the recovery of these judgments, in point of time, the defendant in execution executed and delivered a mortgage to one Weidner, on the same goods and chattels which were sold by the sheriff.   Application is now made for an appropriation of the proceeds of the sale among the parties having claims upon the property sold.

The only question argued by counsel related to the validity and effect of the chattel mortgage.

The mortgage was made on the 23d of August, 1867, and was filed in the clerk's office of the county of Middlesex on the same day.   A copy of the mortgage was subsequently filed with the clerk on the 28th of June, 1868.   The mortgagee has never had the actual possession of the mortgaged chattels.   The judgment in this court was recovered on the 18th of March, 1869.   It is subsequent in date to the chattel mortgage, and consequently must be postponed to it, unless the mortgage, at the time of the sale, had ceased to have any validity or effect as against the plaintiff in execution.

The ground upon which it is insisted that the mortgage creditor has lost his rights is, in his non-compliance with the requirements of the third section of the act concerning chattel mortgages, (*Nix. Dig.* 613, § 29,*) with respect to the time of filing a copy of his mortgage.

That section declares that every mortgage which shall have been filed under the previous section of the act, shall cease to be valid as against creditors, purchasers, or mortgagees in good faith, after the expiration of one year from the filing thereof, unless, within thirty days next preceding the

---

*Rev., p. 709, § 41.

**expiration** of the said term of one year, a true copy of such mortgage, together with a statement exhibiting the interest of the mortgagee in the property therein claimed by him by virtue thereof, shall be again filed in the office of the clerk or register aforesaid. The year from the filing of the mortgage in this case expired on the 23d of August, 1868. The copy was filed on the 28th of June, 1868, more than thirty days prior to the expiration of the year from the original filing. The counsel for the mortgagee insists that a filing prior to thirty days before the year has elapsed is a substantial compliance with the act, if the copy remains on file after the time specified within which it should be filed. If nothing was required to keep the mortgage alive but the filing of a copy, the argument would have some plausibility. But the statute requires, in addition thereto, a statement of the interest of the mortgagee in the property, the object of which is to obtain record evidence of the extent of the mortgagee's claim upon the property, for the securing of which the lien of the mortgage is to be continued. To give such mortgage a continuing effect beyond the year from its original filing, the copy, with the required statement, must be filed within the thirty days preceding the expiration of the year, and not any sooner. It was so decided by the Chancellor, in *The National Bank of the Metropolis* v. *Sprague*, 5 *C. E. Green* 13, and by the Court of Appeals in the same case. *Court of Appeals, March Term*, 1870, 6 *C. E. Green* 458, 530.

It is admitted that the plaintiffs in the subsequent judgment are *bona fide* creditors, without notice of the mortgage. As against them, the mortgage has ceased to be valid, and it must be postponed to their judgment.

The case was argued here on the statements of counsel. The judgment first in date was recovered in the Middlesex Circuit. The jurisdiction to determine the application of the money was exclusively in that court.

The court out of which a junior execution has issued has no jurisdiction over the proceeds of a sale made by the same sheriff of goods upon which he had made a prior

levy, by virtue of an older execution out of another court. *Woodruff* v. *Chapin*, 3 *Zab.* 566. Application was first made to the Middlesex Circuit, and, after argument, that court held the mortgage to be invalid against the subsequent judgment creditors. That decision this court cannot review, by virtue of its supervisory powers over other tribunals or their officers. It can only be brought under review before this court, by proceedings regularly instituted for that purpose.

We make no order in this case, but simply express our concurrence in the construction of the statute which was made by the judge by whom this case was decided at the circuit. Whatever order is to be made in the premises must be made in that court.

BEDLE and DALRIMPLE, Justices, concurred.